FRY, Plaintiff, v. TOTH, Defendant and Respondent: ALL-
STATE INSURANCE COMPANY, Defendant and Appel-
lant: DAIRYLAND INSURANCE COMPANY, Defendant.

*No. 169.  Argued March 4, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 235.)

For the appellant there was a brief by *Kivett & Kasdorf*, attorneys, and *John M. Swietlik* and *Thomas A. Wilson* of counsel, and oral argument by *Nonald J. Lewis*, all of Milwaukee.

For the respondent there was a brief and oral argument by *Edward P. Rudolph* of Milwaukee.

CONNOR T. HANSEN, J. On November 6, 1965, Toth, Sr., applied for automobile liability insurance with the appellant, and based on the application, a policy was issued to him on December 1, 1965. The application certified that neither Toth, Sr., nor any member of his household ever had any similar insurance canceled, nor had a driver's license revoked.

Toth, Jr., was twenty-four years of age at the time the application for insurance was made, and it appears he was a member of the household. The application also indicates that Toth, Jr., had his own automobile and his own insurance. His insurer, Dairyland Insurance Company, is not a party to this appeal.

On August 18, 1966, while the Allstate insurance contract was in effect, Toth, Jr., was involved in the accident

which is the basis of this action. He had a valid driver's license at this time. Shortly after the accident, Allstate paid Toth, Sr., his collision damages pursuant to the policy provisions.

Thereafter Allstate discovered that an automobile liability insurance contract issued to Toth, Sr., had been canceled prior to the date of his application to Allstate, and that the driver's license of Toth, Jr., had been revoked on September 16, 1964. Because of these facts, on November 15, 1966, Allstate informed Toth, Sr., that his policy was void from its inception and a refund in the full amount of the premium was made to him.

When the, then, motor vehicle department learned of this action by the appellant, it revoked the licenses of both Toth, Sr., and Toth, Jr., because they were unable to prove financial responsibility as required by statute. Counsel for the Toths gave some attention to adjusting this situation. The trial court denied the claim for attorney's fees for this effort. It is from the denial of this portion of respondent's claim for attorney's fees and attorney's fees in the action against Allstate that respondent has filed his motion for review.

On November 25, 1966, Fry commenced this action for injuries and damages sustained in the August 18, 1966, collision. Allstate answered and, among other defenses, denied coverage under its policy.

The Toths cross-complained against Allstate, alleging coverage and praying for judgment determining that the Allstate contract covered them and for indemnification for any payment they might have to make to Fry, plus attorney's fees for defending the Fry action, together with costs and disbursements. Allstate answered the cross complaint, alleging breach of the insurance contract. Fry and Toth, Sr., stipulated to the dismissal of the action against Toth, Sr.

The parties also stipulated that the coverage question as between Toth, Jr., Allstate and Dairyland be litigated

first. Trial on the coverage issue was set for April 9, 1968. On that date a jury was struck. The parties then had a conference in chambers and the Fry claim was settled. Allstate paid Fry $3,600.

On the morning of April 10, 1968, the jury was dismissed and by agreement of the parties the question of the reasonableness of the attorney's fees incurred by the Toths was to be tried to the court. This appeal arises from the trial of that issue.

The trial court determined that the Toths incurred reasonable attorney's fees in defending the Fry suit in the amount of $950, disbursements totaling $163.19 attributable to the defense of the Fry suit, and that only statutory costs of $100 could be recovered in the action on the cross complaint against Allstate. Thereupon, judgment was entered against Allstate in the amount of $1,213.19.

The appellant asserts that in spite of its settlement it at no time conceded coverage of the Toths and therefore the trial court's determination of reasonable attorney's fees was erroneous.

The respondent claims that Allstate's settlement conceded coverage, particularly in light of the fact that it did not enter into a nonwaiver agreement with the Toths. They also contend that in any event Allstate agreed to pay the Toths reasonable attorney's fees and that the court was to, and did, determine the amount that was reasonable under the circumstances.

The trial court, in its written decision, stated, "Because of the settlement which was made of [Fry's] case, it is not necessary to determine that the Allstate policy was in effect [at the time of the accident], to cover the accident."

In motions after judgment the appellant requested the trial court to change its decisions. Among other things, the appellant took the position that the above-quoted statement in the trial court's decision was error because

it had not conceded coverage under its insurance contract. The supplemental decision of the trial court denied appellant's motion and contained the following statement:

"This statement is justified in that the Toths had to engage their own attorney to defend them in this action, because Allstate denied coverage. This had to be done until the case was settled. An insurer cannot deny coverage, so that the insured, to protect themselves, have to retain an attorney, and then, when the case comes on for trial on the coverage issue, settle the plaintiff's case, and then claim that it is not liable for attorney's fees because of any defense which it might have had as to coverage. Settlement closed that book; and there was left only for determination what the court feels is reasonable under all the circumstances as to the attorney's fees."

Our examination of the record leads us to conclude that the appellant stipulated in open court and on the record to pay attorney's fees and expenses of the respondent in such an amount as the trial court determined to be reasonable under all of the circumstances. The record also reveals that the findings of the trial court are not against the great weight and clear preponderance of the evidence.

The trial on the issue of coverage was to commence on April 9, 1968. The jury was drawn and the parties then adjourned to chambers to discuss settlement. The case was settled and the following appears on the record of the April 9 proceedings:

*Counsel for Allstate:* "Upon payment of the $4200, Mr. Fry will execute full and final releases, releasing Dairyland and Allstate, Toth, Jr., and Toth, Sr., from any liability which may result from this accident. Further, that it is understood that the court tomorrow morning will determine the amount of the reasonable attorney's fees, if any, due and owing Toth, Jr., for any legal expenses that may have been incurred in this matter . . . ."

The rest of the parties agreed to the stipulation, whereupon the trial judge stated, "Then tomorrow morning . . . we'll proceed to the trial to the court on the matter of the attorney's fees."

On April 10, the record discloses the following pertinent statements concerning the stipulation of the day before and the then pending trial before the court:

*Counsel for Allstate:* "Your honor, yes there was no admission by either Dairyland or Allstate of any coverage. It was a settlement with [Fry's counsel]. Further there was open the question of attorney's fees, if any, that [Toth's counsel] would be entitled to.

" . . . .

"It was further my understanding that, as I indicated to the court, that there was no admission of any insurance coverage by either company; . . . and today we were going to let the court arbitrate the question of what attorney's fees, if any, were available to [Toth's counsel's] office."

*Counsel for Toth:* ". . . I think, according to our standing, when the jury was dismissed based on this point that it is my understanding that coverage in effect was admitted for the purposes of settlement, at least, and on that basis the jury was dismissed.

"If we have to try the coverage issue this morning even then this is still a jury issue. But according to your honor, we went in chambers under the impression that the trial this morning is to be on the question of the reasonableness of the attorney's fees, and only on that issue."

*Counsel for Allstate:* "Well, now, no one admitted that there was any coverage available under either of these policies. We decided the court would act as arbitrator this morning, in the absence of the jury, and set what the court feels is reasonable attorney fees under all the circumstances. This was my understanding. . . ."

*Counsel for Toth:* "If that's [counsel for Allstate's] understanding, apparently once the court establishes the reasonableness of the attorney fees, that he's agreed to be bound by and pay those."

*Counsel for Allstate:* "I'll pay what the court feels is reasonable under all the circumstances."

After some additional discussion, counsel for respondent testified as to his efforts expended on behalf of his clients. Allstate proceeded to cross-examine respondent's counsel and at the conclusion of the trial the

trial court made its determination as to respondent's reasonable attorney's fees and expenses under all of the circumstances. Allstate made no argument at the trial concerning the reasonableness of the attorney's fees, and did not argue that respondent should recover no fees.

We conclude that the position of the appellant is inconsistent and untenable. The jury was impaneled for the express purpose of determining the issue of coverage. The case was thereafter settled. The parties then stipulated that the question of attorney's fees would be heard by the court. The jury was dismissed. The appellant agreed to pay "the reasonable attorney's fees, if any, due and owing Toth, Jr., for any legal expenses that may have been incurred in this matter. . . ." Appellant now takes the position that no attorney's fees should be allowed because the issue of coverage was never tried.

In view of the facts of this case and the stipulation of the parties, the authorities cited are distinguishable in each instance.

Also, because we have concluded that the stipulation is dispositive of this case, it is not necessary to reach the question of the existence or nonexistence of a nonwaiver agreement between the insured and his insurer or the question of a possible breach of contract for failure to defend under the terms of the policy.

The trial court properly determined that respondent could only recover costs and disbursements pursuant to sec. 271.04, Stats., in the action on the cross complaint against appellant. *Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 318, 319, 132 N. W. 2d 493.

The trial court reviewed the evidence submitted by respondent for his fees and disbursements. Certain of the claims were disallowed and we are of the opinion that the findings of the trial court are not against the great weight and clear preponderance of the evidence.

Since the argument of this case on appeal, counsel for the respondent has submitted an affidavit in support of the allowance of additional attorney's fees for services performed on appeal. We do not deem this to be appropriate appellate practice. The respondent is entitled only to statutory costs on appeal.

*By the Court.*—Judgment affirmed.